# Exhibit A

Electronically FILED by Superior Court of California, County of Los Angeles on 11/15/2022 02:45 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams,Deputy Clerk

Case 2:23-cv-00192-ODW-PD     Document 1-2     Filed 01/11/23     Page 2 of 22     Page ID #:22

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Michelle Williams Court

Douglas N. Silverstein, Esq. (SBN 181957)
dsilverstein@californialaborlawattorney.com
Michael G. Jacob, Esq. (SBN 229939)
mjacob@californialaborlawattorney.com
**KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.**
9255 Sunset Boulevard, Suite 411
Los Angeles, California 90069-3302
Phone: 310-273-3180 ♦ Fax: 310-273-6137

Attorneys for Plaintiff CRYSTAL MILLER

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

| | |
|---|---|
| CRYSTAL MILLER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ROCHE DIAGNOSTICS CORPORATION, an Indiana Corporation; ROCHE DIAGNOSTICS, INC., an Indiana Corporation, and DOES 1 through 60, inclusive,<br><br>Defendants. | Case No. 22STCV36112<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>1. **Disability Discrimination in Violation of FEHA;**<br>2. **Failure to Engage in the Interactive Process in Violation of FEHA;**<br>3. **Failure to Accommodate Disability in Violation of FEHA;**<br>4. **Failure to Take All Reasonable Steps to Prevent Discrimination and Retaliation;**<br>5. **Retaliation in Violation of FEHA;**<br>6. **Interference With Leave in Violation of CFRA/FMLA; and**<br>7. **Wrongful Termination in Violation of Public Policy.**<br><br>**PUNITIVE DAMAGES**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**UNLIMITED JURISDICTION** |

KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 ♦ FAX 310-273-6137

Plaintiff CRYSTAL MILLER ("Plaintiff") alleges as follows:

1.    Plaintiff CRYSTAL MILLER at material times was, an individual residing in the County of Los Angeles, State of California.

2.    Defendant ROCHE DIAGNOSTICS CORPORATION, ("ROCHE" or, collectively with all defendants, "Defendants") is, and at all times relevant to this Complaint was, an Indiana corporation authorized to do business in the County of Los Angeles, State of California. Defendant knew that Plaintiff worked for Defendant in Los Angeles County, California.

3.    Defendant ROCHE DIAGNOSTICS, INC., an Indiana corporation ("ROCHE" or, collectively with all defendants, "Defendants") is, and at all times relevant to this Complaint was, an Indiana corporation authorized to do business in the County of Los Angeles, State of California. Defendant knew that Plaintiff worked for Defendant in Los Angeles County, California.

4.    Plaintiff does not know the true names or capacities of the Defendants sued as DOES 1 through 60, inclusive. Thus, Plaintiff sues these Defendants under fictitious names. When their true names and capacities have been ascertained, Plaintiff will amend this Complaint. Plaintiff is informed and believes, and based thereon alleges, that the fictitiously named Defendants were the agents, servants, and employees of each of the named Defendants and, in doing the acts and things alleged, were at all times acting within the course and scope of that agency, servitude, and employment and with the permission, consent, and approval, or subsequent ratification, of each of the named Defendants.  Reference to "Defendants" includes the named Defendant and the DOE Defendants.

5.    Plaintiff is informed and believes and based thereon alleges, that at all material times, each of the Defendants was the agent and/or employee of each of the remaining Defendants, and each of them was at all material times acting within the purpose and scope of such agency and employment. Plaintiff is informed and believes and based thereon alleges, that at all time herein mentioned, one or more of each named and/or unnamed Defendants was the alter-ego of one or more of the remaining named and/or unnamed Defendants, and as hereinafter alleged, was acting for their own benefit and/or the benefit of one or more of the remaining named and/or unnamed

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 ♦ FAX 310-273-6137

Defendants.

6.      Plaintiff is informed and believes and based thereon alleges, at all times herein mentioned, Defendant DOES 1 to 60, inclusive, were the agents, servants, partners, employees, alter egos and/or joint-venturers of their co-Defendants, and, in doing the acts and things hereinafter alleged, were at all times acting within the course and scope of their authority as agents, servants, employees, partners and/or joint-venturers with the permission, consent and approval, or subsequent ratification of their co-Defendants.

7.      Plaintiff is further informed, and believes, and on that basis alleges that one or more of the remaining named and/or unnamed Defendants are the successors of one or more of the remaining named and/or unnamed Defendants.

8.      Plaintiff is further informed, and believes, and on that basis alleges that Defendant and DOE Defendants failed to adhere to corporate and legal formalities.  Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, one or more of each unnamed Defendants was in some fashion, by statute, law or otherwise, the agent, agency, branch, department or the like of one or more of the remaining named and/or unnamed Defendants for the acts alleged herein and was acting within that capacity.

9.      Plaintiff is informed and believes and based thereon alleges, that at all time herein mentioned, one or more of each named and/or unnamed Defendants was the alter-ego of one or more of the remaining named and/or unnamed Defendants, and as hereinafter alleged, was acting for their own benefit and/or the benefit of one or more of the remaining named and/or unnamed Defendants.

10.      Plaintiff timely filed charges against Defendants with the California Department of Fair Employment and Housing ("DFEH") and has received a "Right to Sue" notice as to Defendants. All conditions precedent (exhaustion of administrative remedies) to jurisdiction, have been complied with.

///

PLAINTIFF'S COMPLAINT FOR DAMAGES

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 ♦ FAX 310-273-6137

**GENERAL ALLEGATIONS**

11.     Crystal Miller began working for Defendants in approximately December 2014.

12.     Early on in her employment, Crystal disclosed that she suffered a traumatic brain injury. She informed management of her disability and limitations.

13.     Defendant perceived and regarded Crystal as disabled and/or had a record of her disability.

14.     Crystal began reporting to Soni Peters (Regional Business Manager) in or about 2018. Crystal Miller's father was a service-related disabled veteran who had a fall and broke his hip in February 2019. Crystal cared for her father and managed her disabled father's healthcare, including working with his medical care team after the February 2019 fall. Crystal informed Soni Peters of her father's fall and her intent to take FMLA leave to care for her father, including to care for him after his release from rehabilitation. Peters discouraged, dissuaded and/or interfered with Crystal's leave.

15.     While Crystal's father was in rehab after his hip replacement, Crystal was informed in mid- March 2019, that he was not making proficient progress for the hospital rehabilitation program. Crystal accordingly needed leave to travel to Kentucky to care for him. Crystal again requested leave to care for her father and help find a long-term care facility with a skilled nursing unit. Soni responded back to Crystal by interfering with and discouraging her from taking leave.

16.     Peters indicated that Crystal had several projects that she was working on and that if she went on FMLA leave, Peters would not be able to directly communicate with Crystal due to company policies. Peters said she could not let Crystal go on FMLA because it was vital for her to be able to communicate with Crystal. Peters further pressured Crystal to work remotely from Kentucky, even though she knew that she did not have home internet at her father's house. Peters suggested that Crystal could use the hospital's internet when Crystal was not travelling. (Peters disclosed that she had worked from her daughter's hospital room multiple times, and it could be done). The projects included Crystal's Territory Business Review, a Business Plan for the territory. Once an employee presents a Territory Business Review to the manager and the regional account specialists, the manager (i.e. Peters) then takes the team's Territory Business Plans and

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 ♦ FAX 310-273-6137

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 ♦ FAX 310-273-6137

formulates her own Business Plan to present to leadership. Peters made clear that not having all the Business Plans completed was not an acceptable option.

17.     Discouraged from taking protected leave, Crystal worked remotely from Kentucky from approximately late March through early April 2019.

18.     After the onset of the Covid-19 pandemic, Crystal received news that there had been a COVID outbreak in her father's wing of the veteran's long-term facility the week of August 17, 2020. Because he was at elevated risk of dying due to comorbidities, Crystal informed Ms. Peters that this had occurred and that she would need to go to Kentucky to oversee her father's care. Crystal again asked Ms. Peters about taking leave, including but not limited to FMLA leave. Peters again discouraged and interfered with Crystal's exercise of protected rights and insisted that she work remotely from her father's house in Kentucky instead of taking family leave. Peters warned that if Crystal took FMLA, Peters would not be able to communicate with her, and emphasized that they had an upcoming remote team meeting the week of August 24, 2020.

19.     Crystal ultimately received news that her dad tested positive. Despite the intent to take FMLA leave, having been discouraged from doing so by Ms. Peters, she instead worked remotely.

20.     On or about September 10, 2020, Crystal had to present her Territory Business Review for Fall of 2020 to Soni Peters RBM, Gerard Byrne Director Chem/IA for the West, Bob Ress RAS, Everine Harrington RAS, and George Velarde RAS.

21.     Crystal returned to California on or about Sunday September 13, 2020.

22.     On Sunday evening November 29, 2020, Crystal's father died unexpectedly. Crystal informed Peters that she would be going to Kentucky to plan her father's funeral. Crystal sought at least two weeks off since she was profoundly affected by her father's death.

23.     Peters, still annoyed at Crystal's prior attempts to take protected leave, wanted Crystal back to work by Tuesday December 8, 2020. Peters again discouraged Crystal from taking leave and made comments to Crystal's coworkers that that she wanted Crystal available to work immediately.

///

24.     Peters continued to subject Crystal to heightened scrutiny and target Crystal for seeking protected time off. In or about May or June 2021, Ms. Peters complained, as a pretext to retaliate against Crystal, that Crystal was not completing work before "time out of the office".

25.     Despite knowledge of Plaintiff's limitations due to a traumatic brain injury, Ms. Peters, Defendant and its upper management thereafter utilized pretext to terminate Plaintiff, including but not limited to a purported ethics violation.

26.     Soni Peters, Bridget Boyle, Ryann Ricchio, Debbie Brooks (former Director, Employee Relations) and Stacey Fout approved and/or ratified the discriminatory and retaliatory termination in late June 2021. Defendants additionally failed to pay all compensation owed at the time of termination. Ms. Peters and Defendants have engaged in a pattern and practice of discrimination against similarly situated employees.

### FIRST CAUSE OF ACTION
### DISABILITY DISCRIMINATION IN VIOLATION OF FEHA

#### (Against Defendant and DOES 1-60, inclusive)

27.     As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

28.     At all times mentioned in this Complaint, the California Fair Employment and Housing Act ("FEHA"), *Government Code* §§ 12940 *et seq.*, was in full force and effect and was binding on Defendants, and each of them.  These sections required Defendants, and each of them, to refrain from discriminating against Plaintiff on the basis of her mental disability, symptoms of the disability, or conduct resulting from disability.

29.     Prior to Plaintiff's termination and due to her mental disability, Plaintiff was limited in a major life activity, including but not limited to working.  Nevertheless, Plaintiff could perform the essential functions of her position with or without a reasonable accommodation.  As such, Plaintiff was a qualified disabled person within the meaning of FEHA.

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 ♦ FAX 310-273-6137

30.    Defendants, and each of them, were aware of Plaintiff's disability as set forth above, because Plaintiff had informed Defendants of her disability, requested accommodation, including leave, and her condition was known or obvious.

31.    Defendants also perceived and regarded Plaintiff as having a disability.

32.    At all times mentioned herein, Plaintiff was willing and able to perform the duties and functions of her position with a reasonable accommodation for Plaintiff's disability.  At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disability, have been a danger to Plaintiff's or any other person's health and/or safety, nor would it have created an undue hardship to the operation of Defendant's business.

33.    Defendants subjected Plaintiff to adverse employment action and constructively terminated Plaintiff because of her disability among other unlawful reasons.

34.    By engaging in the above  referenced  acts  and  omissions, Defendants and DOES 1-60, and each of them, discriminated against Plaintiff because of her disability in violation of *Government Code* §§ 12940 *et seq.*

35.    As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

36.    As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain non-economic damages and emotional distress, including but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

37.    Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

38.    The acts and conduct of Defendants, and each of them, including, but not limited to Soni Peters (Supervisor), Gerard Byrne (Roche's Area Leader Senior Director), Stacey Fout (Director, Human Resources) , Ryann Ricchio (Sr. Employee Relations Consultant), Bridget Boyle and/or Debbie Brooks (former Director, Employee Relations) constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California *Civil Code* § 3294(c), in that

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 ♦ FAX 310-273-6137

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 ♦ FAX 310-273-6137

1    it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable

2    conduct which was carried on by the Defendants, and each of them, with a willful and conscious

3    disregard of the rights of Plaintiff.

4    39.    The acts of Defendants, and each of them, were done fraudulently, maliciously and

5    oppressively and with the advance knowledge, conscious disregard, authorization, ratification or

6    act of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers,

7    directors, or managing agents of the corporation.  The actions and conduct of Defendants, and

8    each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of

9    material facts known to Defendants, and each of them, with the intention on the Defendants' part

10    to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive

11    damages in an amount according to proof.

12    40.    The acts of Defendants, in adopting a policy which deprives employees of legal

13    rights and caused Plaintiff's unlawful termination justified an award of exemplary and punitive

14    damages under *Roby v. McKesson Corp.* (2009) 47 Cal.4th 686.

15    41.    Plaintiff is entitled to attorneys' fees pursuant to *Government Code* § 12965.

16

17                         **SECOND CAUSE OF ACTION**

18              **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS**

19                         **IN VIOLATION OF FEHA**

20                  **(Against Defendant and DOES 1-60, inclusive)**

21    42.    As a separate and distinct cause of action, Plaintiff complains and realleges all of

22    the allegations contained in this Complaint, and incorporates them by reference into this cause of

23    action as though fully set forth herein, excepting those allegations which are inconsistent with this

24    cause of action

25    43.    Pursuant to California *Government Code* § 12940(n), Defendants and DOES 1-60

26    inclusive, were required to engage with Plaintiff in a good faith interactive process to determine

27    the extent of her disability and how it could be reasonably accommodated.

28    ///

44.     Plaintiff was at all times ready and willing to engage in the good faith interactive mandated by California *Government Code* § 12940(n).  However, Defendants and DOES 1-60 inclusive, failed to engage in said good faith interactive process with Plaintiff.

45.     Defendants subjected Plaintiff to adverse employment action, terminated and/or constructively terminated Plaintiff's employment as a direct result of Defendant's (and DOES 1-60 inclusive), failure to engage in any good faith interactive process, among other unlawful reasons.

46.     By engaging in the above referenced acts and omissions, Defendants, and each of them, and DOES 1-60 inclusive, discriminated against Plaintiff because of her disability in violation of *Government Code* §§ 12940 *et seq.*

47.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

48.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain non-economic damages and emotional distress, including but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

49.     Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

50.     The acts and conduct of Defendants, and each of them, including, but not limited to Soni Peters (Supervisor), Gerard Byrne (Roche's Area Leader Senior Director), Stacey Fout (Director, Human Resources) , Ryann Ricchio (Sr. Employee Relations Consultant), Bridget Boyle and/or Debbie Brooks (former Director, Employee Relations) constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California *Civil Code* § 3294(c), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

51.     The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 ♦ FAX 310-273-6137

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 ♦ FAX 310-273-6137

1   act of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers,

2   directors, or managing agents of the corporation.  The actions and conduct of Defendants, and

3   each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of

4   material facts known to Defendants, and each of them, with the intention on the Defendants' part

5   to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive

6   damages in an amount according to proof.

7       52.    The acts of Defendants, in adopting a policy which deprives employees of legal

8   rights and caused Plaintiff's unlawful termination justified an award of exemplary and punitive

9   damages under *Roby v. McKesson Corp.* (2009) 47 Cal.4th 686.

10      53.    Plaintiff is entitled to attorneys' fees pursuant to *Government Code* § 12965.

11

12                        **THIRD CAUSE OF ACTION**

13          **FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF FEHA**

14                **(Against Defendant and DOES 1-60, inclusive)**

15      54.    As a separate and distinct cause of action, Plaintiff complains and realleges all of

16  the allegations contained in this Complaint, and incorporates them by reference into this cause of

17  action as though fully set forth herein, excepting those allegations which are inconsistent with this

18  cause of action.

19      55.    Pursuant to California *Government Code* §§ 12940(m) and 12945(c), Defendants

20  and DOES 1-60 inclusive, were required to reasonably accommodate Plaintiff's disability.  Instead

21  of reasonably accommodating Plaintiff's disability and/or limitations, Defendants subjected

22  Plaintiff to adverse employment action and terminated Plaintiff for no legitimate reason.

23      56.    By engaging in the above- referenced acts and omissions, Defendants and DOES 1-

24  60, and each of them, failed to accommodate Plaintiff's disability.

25      57.    Defendants subjected Plaintiff to adverse employment action and

26  terminated/constructively terminated Plaintiff's employment as a direct result of Defendants'

27  failure to accommodate Plaintiff's known disability, among other unlawful reasons.

28  ///

58.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

59.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain non-economic damages and emotional distress, including, but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

60.     Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

61.     The acts and conduct of Defendants, and each of them, including, but not limited to Soni Peters (Supervisor), Gerard Byrne (Roche's Area Leader Senior Director), Stacey Fout (Director, Human Resources) , Ryann Ricchio (Sr. Employee Relations Consultant), Bridget Boyle (Head of People and Culture) and/or Debbie Brooks (former Director, Employee Relations) constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California *Civil Code* § 3294(c), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

62.     The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation.  The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

63.     The acts of Defendants, in adopting a policy which deprives employees of legal rights and caused Plaintiff's unlawful termination justified an award of exemplary and punitive damages under *Roby v. McKesson Corp.* (2009) 47 Cal.4th 686.

///

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 ♦ FAX 310-273-6137

64.     Plaintiff is entitled to attorneys' fees pursuant to *Government Code* § 12965.

**FOURTH CAUSE OF ACTION**

**FAILURE TO TAKE ALL REASONABLE STEPS TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF FEHA**

**(Against Defendant and DOES 1-60, inclusive)**

65.     As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

66.     At all times mentioned in this Complaint, the California Fair Employment and Housing Act ("FEHA"), *Government Code* §§ 12940 *et seq.*, was in full force and effect and was binding on Defendants, and each of them.  These sections required Defendants, and each of them, to take all reasonable steps to maintain a workplace environment free from unlawful discrimination and retaliation.

67.     Defendants and each of them, and DOES 1-60 discriminated against and retaliated against Plaintiff because of Plaintiff's disability and because Plaintiff requested reasonable accommodation by subjecting Plaintiff to adverse employment action, and terminating/constructively terminating Plaintiff.

68.     By engaging in the above-referenced  acts  and  omissions, Defendants, and each of them, failed to take all reasonable steps maintain a workplace environment free from unlawful discrimination and retaliation in violation of *Government Code* §§ 12940 *et seq.*

69.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

70.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain non-economic damages and emotional distress, including, but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 ♦ FAX 310-273-6137

71.     Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

72.     The acts and conduct of Defendants, and each of them, including, but not limited to Soni Peters (Supervisor), Gerard Byrne (Roche's Area Leader Senior Director), Stacey Fout (Director, Human Resources) , Ryann Ricchio (Sr. Employee Relations Consultant), Bridget Boyle and/or Debbie Brooks (former Director, Employee Relations) constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California *Civil Code* § 3294(c), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

73.     The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation.  The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

74.     Plaintiff is entitled to attorneys' fees pursuant to *Government Code* § 12965.

### FIFTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF FEHA

### (Against Defendants, and Each of Them, and DOES 1-60)

75.     As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

///

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 ♦ FAX 310-273-6137

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 ♦ FAX 310-273-6137

76. Defendants, and each of them, including their agents, employees and representatives, are subject to suit under Sections 12940, *et seq*., of the California Fair Employment and Housing Act ("FEHA").

77. Plaintiff took part in the protected activities of disclosing her condition and/or requesting accommodation, as herein alleged.

78. In retaliation therefore, Defendants subjected Plaintiff to adverse employment action and terminated/constructively terminated Plaintiff's employment.

79. In engaging in the aforementioned conduct, Defendants, and each of them, aided, abetted, incited, compelled and/or coerced unlawful employment practices in violation of well-known policies of this State against such practices. Specifically, Defendants, and each of them, violated Sections 12940(h) and 12945 of the FEHA.

80. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

81. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain non-economic damages and emotional distress, including, but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

82. The acts and conduct of Defendants, and each of them, including, but not limited to Soni Peters (Supervisor), Gerard Byrne (Roche's Area Leader Senior Director), Stacey Fout (Director, Human Resources) , Ryann Ricchio (Sr. Employee Relations Consultant), Bridget Boyle and/or Debbie Brooks (former Director, Employee Relations) constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California *Civil Code* § 3294(c), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

83. The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers,

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 ♦ FAX 310-273-6137

1    directors, or managing agents of the corporation.  The actions and conduct of Defendants, and

2    each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of

3    material facts known to Defendants, and each of them, with the intention on the Defendants' part

4    to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive

5    damages in an amount according to proof.

6        84.    The acts of Defendants, in adopting a policy which deprives employees of legal

7    rights and caused Plaintiff's unlawful termination justified an award of exemplary and punitive

8    damages under *Roby v. McKesson Corp.* (2009) 47 Cal.4th 686.

9        85.    Plaintiff will also seek and is entitled to recover attorneys' fees in connection with

10   this cause of action under *Government Code* § 12965.

11

12                                **SIXTH CAUSE OF ACTION**

13                              **INTERFERENCE WITH LEAVE**

14                            **IN VIOLATION OF CFRA/FMLA**

15                        **(Against All Defendants and DOES 1-60, inclusive)**

16       86.    As a separate and distinct cause of action, Plaintiff complains and realleges all of

17   the allegations contained in this Complaint, and incorporates them by reference into this cause of

18   action as though fully set forth herein, excepting those allegations which are inconsistent with this

19   cause of action.

20       87.    Plaintiff was an employee of Defendants who qualified for leave due to her own

21   serious health condition pursuant to California *Government Code* §§ 12945.2, *et seq.*

22       88.    At all times herein mentioned, Defendants were "Employer[s]" within the

23   definition of *Government Code* § 12945.2, in that Defendants regularly employed 50 or more

24   people.

25       89.    Plaintiff needed time off to seek care for her own serious health condition or the

26   health condition of a loved one and Plaintiff was qualified for protected leave under California

27   Family Rights Act/Family Medical Leave Act.

28   ///

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 ♦ FAX 310-273-6137

90.     Defendants, and each of them, failed to adhere to their duties to provide Notice in accordance with the regulations governing the CFRA and/or FMLA.

91.     Defendants, and each of them, and DOES 1 to 60, inclusive, frustrated Plaintiff's entitlement to leave, interfered with Plaintiff's protected leave and terminated Plaintiff's employment in retaliation for requesting and taking her protected leave.

92.     Defendants are estopped from asserting that Plaintiff was not entitled to leave as a result of their acts and omissions.

93.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained, and continues to sustain, economic damages in earnings and other employment benefits in an amount according to proof.

94.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained, and continues to sustain, non-economic damages and emotional distress, including, but not limited to, loss of sleep, anxiety, tension, depression and humiliation.

95.     Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

96.     The acts and conduct of Defendants, and each of them, including, but not limited to Soni Peters (Supervisor), Gerard Byrne (Roche's Area Leader Senior Director), Stacey Fout (Director, Human Resources) , Ryann Ricchio (Sr. Employee Relations Consultant), Bridget Boyle and/or Debbie Brooks (former Director, Employee Relations) constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California *Civil Code* § 3294(c), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

97.     The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation.  The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 ♦ FAX 310-273-6137

1 material facts known to Defendants, and each of them, with the intention on the Defendants' part

2 to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive

3 damages in an amount according to proof.

4       98.    The acts of Defendants, in adopting a policy which deprives employees of legal

5 rights and caused Plaintiff's unlawful termination justified an award of exemplary and punitive

6 damages under *Roby v. McKesson Corp.* (2009) 47 Cal.4th 686.

7       99.    Plaintiff is entitled to attorneys' fees pursuant to *Government Code* § 12965.

8

9 <u>**SEVENTH CAUSE OF ACTION**</u>

10 **WRONGFUL TERMINATION/CONSTRUCTIVE DISCHARGE**

11 **IN VIOLATION OF PUBLIC POLICY**

12 **(Against Defendant and DOES 1-60, inclusive)**

13       100.    As a separate and distinct cause of action, Plaintiff complains and realleges all of

14 the allegations contained in this Complaint, and incorporates them by reference into this cause of

15 action as though fully set forth herein, excepting those allegations which are inconsistent with this

16 cause of action.

17       101.    At all times herein mentioned, the public policy of the State of California, as

18 codified, expressed and mandated in California *Government Code* § 12940, was to prohibit

19 employers from harassing, discriminating and retaliating against any individual based on

20 perceived and/or physical disability(s), and/or based upon exercise of rights under that section.

21 This public policy of the State of California is designed to protect all employees and to promote

22 the welfare and well-being of the community at large.  Accordingly, the actions of Defendants,

23 and each of them, in discriminating against, retaliating against, subjecting Plaintiff to adverse

24 employment action and terminating Plaintiff's employment on the grounds stated above, was

25 wrongful and in contravention and violation of the express public policy of the State of California,

26 to wit, the policy set forth in California *Government Code* §§ 12940 *et seq.*, and the laws and

27 regulations promulgated thereunder.

28 ///

102.    At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in California *Government Code* § 12945.2, was to prohibit employers from discriminating and retaliating against any individual based on their taking leave, requesting or needing accommodation.  This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large.

103.    Accordingly, the actions of Defendants, and each of them, in discriminating against, retaliating against, subjecting Plaintiff to adverse employment action and terminating Plaintiff's employment on the grounds stated above, was wrongful and in contravention and violation of the express public policy of the State of California, to wit, the policy set forth in the FEHA, including but not limited to California *Government Code* §§ 12945.2, *et seq*., and the laws and regulations promulgated there under.

104.    Defendant's subjecting Plaintiff to adverse employment action and terminating/constructively terminating Plaintiff's employment violated the aforementioned fundamental principles of public policy.

105.    As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

106.    As a proximate result of Defendant's wrongful conduct, Plaintiff has sustained and continues to sustain non-economic damages and emotional distress, including but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

107.    Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

108.    The acts and conduct of Defendants, and each of them, including, but not limited to Soni Peters (Supervisor), Gerard Byrne (Roche's Area Leader Senior Director), Stacey Fout (Director, Human Resources) , Ryann Ricchio (Sr. Employee Relations Consultant), Bridget Boyle and/or Debbie Brooks (former Director, Employee Relations) constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California *Civil Code* § 3294(c), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 ♦ FAX 310-273-6137

1  conduct which was carried on by the Defendants, and each of them, with a willful and conscious

2  disregard of the rights of Plaintiff.

3      109.    The acts of Defendants, and each of them, were done fraudulently, maliciously and

4  oppressively and with the advance knowledge, conscious disregard, authorization, ratification or

5  act of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers,

6  directors, or managing agents of the corporation.  The actions and conduct of Defendants, and

7  each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of

8  material facts known to Defendants, and each of them, with the intention on the Defendants' part

9  to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive

10  damages in an amount according to proof.

11

12                              **<u>PRAYER FOR RELIEF</u>**

13  WHEREFORE, Plaintiff prays for judgment as follows:

14      1.    General and special damages according to proof;

15      2.    Costs of suit incurred herein, including expert fees;

16      3.    Reasonable attorneys' fees according to applicable law, including but not limited

17  to <u>Government Code</u> § 12965;

18      4.    Punitive and exemplary damages;

19      5.    A declaratory judgment that the practices complained of herein are unlawful under

20  California law for which claims are herein pleaded;

21      6.    Declaratory and Injunctive relief, including but not limited to reinstatement;

22      7.    Pre-Judgment and post-judgment interest as provided by law; and

23      8.    Such other and further and equitable relief as this Court deems necessary, just and

24  proper.

25  ///

26

27

28

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 ♦ FAX 310-273-6137

PLAINTIFF'S COMPLAINT FOR DAMAGES

1    DATED:  November 15, 2022          KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.

2

3                                       By: _____

4                                            DOUGLAS N. SILVERSTEIN
                                             MICHAEL G. JACOB
5                                       Attorneys for Plaintiff CRYSTAL MILLER

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S COMPLAINT FOR DAMAGES

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 ♦ FAX 310-273-6137

**<u>JURY TRIAL DEMAND</u>**

Plaintiff hereby demands a jury trial on all issues so triable.

DATED:  November 15, 2022          KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.

By:  _____
          DOUGLAS N. SILVERSTEIN
          MICHAEL G. JACOB
     Attorneys for Plaintiff CRYSTAL MILLER

PLAINTIFF'S COMPLAINT FOR DAMAGES